

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,354-01

### EX PARTE IRVING ECHAVERRIA-GUTIERREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 18-05-0146-CRA-A IN THE 218TH DISTRICT COURT FROM ATASCOSA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated kidnapping and sentenced to eighteen years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for numerous reasons. Among other things, Applicant alleges that he does not speak English and that trial counsel failed to communicate with him in Spanish. Applicant also alleges that counsel were ineffective "on appeal," but it does not appear that notice of appeal was filed in this case. The habeas record contains the trial court's certification showing that Applicant had the right to appeal, but that certification is not signed or

acknowledged by Applicant.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the habeas record with a copy of the trial docket and any orders appointing counsel. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make findings and conclusions as to whether Applicant was advised of his right to appeal, and if so whether he indicated a desire to appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 10, 2021
Do not publish